# CALEDONIA COUNTY,

## MARCH TERM, 1838.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" SAMUEL S. PHELPS, } *Assistant Justices.*
" JACOB COLLAMER.

## WILLIAM MATTOCKS *v.* ZALMON WHEATON.

A witness, who has had his travel fee and one day's attendance tendered, and who attended one day and then left the court, is not liable for the penalty under the statute, if the subpœna was served by an indifferent person, who was not named in such subpœna.

When a witness attends, if he is wanted for a further day, his fees must be tendered each day, for the succeeding day, but it is not necessary that he be each time served with a subpœna.

THIS was an action of debt, to recover the penalty of ten dollars, given by the statute to the party aggrieved, for the disobedience of a subpœna. The case went into the county court by appeal, from the judgment of a justice of the peace. The county court rendered judgment for the defendant, and the plaintiff excepted.—The facts in the case are sufficiently stated in the opinion of the court delivered by

WILLIAMS, C. J.—The declaration must bring the defendant within the letter and spirit of the act.

The facts, so far as necessary to decide this action are, that on the 9th Nov. 1835, the plaintiff took out a subpœna for the defendant, to appear before the county court, then

sitting, to testify in a cause where the former was plaintiff, and John Stearns was defendant.

The subpœna was directed to any indifferent person, was served on the 18th November, by George J. Barker, and $1,10, for travel and attendance for one day, tendered and received.

Defendant attended through the first day until the court adjourned, and then departed, without giving any notice to the plaintiff or his counsel, or requiring any more fees, or without any being paid. It appears that a *capias* was issued to bring in the witness. Neither this, however, nor the proceedings thereon, can have any material bearing on the question before us. This case must be decided on the construction of the statute, and not on a practice, which may have prevailed, however extensive. People may be supposed to look to the law for their guide, in relation to their duty, and are not to be affected by any practice which may have prevailed, inconsistent with its provisions. The practice must yield to the law, and not the law to the practice. But, as is usual, when practice is resorted to, as governing the construction to be given to a statute, we believe that it has not been uniform on any of the questions now presented, but has been different at different times, and in different parts of the state.

1. Is the plaintiff entitled to maintain the action? The statute expressly gives it to the party in whose behalf the witness is subpœnaed to appear and testify. If the party has sustained any damages, it might be necessary for him to show those damages, or something more than the issuing and serving the subpœna, and the neglect of the witness to attend. But to recover the penalty of ten dollars nothing more is necessary, than for the person, sueing for the penalty, to show the issuing and service of the subpœna, for the witness to appear and testify in his behalf, the tender or payment of the fees, and the subsequent neglect of the witness. The party in the suit, is the party aggrieved. The case does not require us to decide who should maintain the action, where the party to the record is a nominal party and another is the person interested, and managing or defending a suit, for his own benefit.

2. In the second place, was the subpœna regularly served?

The statute says, if any person, upon whom any subpœ-na shall be legally served, &c. "Legal service," intends service made by some one duly authorized for that purpose. Such are those, who are duly appointed, as sheriffs, constables, &c., or constituted such by the authority issuing the process for that occasion, and in all cases where provision is made, by law, for service by an indifferent person, that person is named or deputed by the authority issuing the writ. The statute, in prescribing the form for the deputation of indifferent persons to serve process, returnable before the supreme or county court, or a justice of the peace, or a subpœna, or a citation to be present at the taking of a deposition, contemplates that the person should be named. The service of a subpœna, by a person not named as deputed, is not conformable to the statute, and, although such service may have been, and probably will be so far recognized as to permit the taxing of the service of a subpœna, made in that manner, when the witnesses attend, yet, it cannot be regarded as a legal service, so as to subject the person summoned to the penalty of the statute. The appearance of the person, subpœnaed in such a case, is rarely voluntary, and, even although it should be considered that his departure was a contempt, or might subject him to an attachment,—questions which are not now before us,—yet, we think that such an attendance is not in obedience to a subpœna, legally served, and neither his non-attendance nor departure, when his engagement to attend, or his attendance is purely voluntary, can be the ground of an action against him for a penalty.

There is still another question, whether, if the subpœna had been legally served, the witness incurred the penalty, by leaving the court, at the end of the first day, without notice to the plaintiff?

The statute did not make provision in express terms for such a case. Nevertheless, it was supposed, as will appear from an examination of other parts of the statute, that a witness might have to attend a number of days. The penalty, however, is only given on his neglecting to appear according to the tenor of the subpœna. If, therefore, the witness appears in court, and remains during the day, for which he is subpœnaed, he complies with the requirement of the subpœna, so far as to avoid the penalty, of the statute.

CALEDONIA,
*March*,
1838.

Mattocks
*v.*
Wheaton.

It might seem to follow from this view of the statute, that, in order to compel the constant attendance of the witness it would be necessary to issue new subpœnaes from day to day, and such has been the practice in some of the neighboring states. Our opinion, however, is, that it is not necessary to issue a new subpœna, but that the witness must remain in attendance for so many days as he is paid for, unless by a trial or continuance of the cause, his attendance should become no longer necessary. But to secure the continued attendance of a witness, the party, requiring his testimony, must either pay or tender his fees for attendance in advance, for the term, or, at least, must, at the end of each day, pay or tender the fees for attendance for the succeeding day. And such payment or tender would be equivalent to the service of a subpœna.

Judgment of the county court affirmed.

*W. Mattocks, pro se.*

*C. Davis,* for defendant.