Spafford v. Spafford.

······

MARY JANE SPAFFORD v. AARON P. SPAFFORD.

In case of a petition for divorce the delivery to the petitionee of a copy of the petition, and of an order of notice made by a judge of the supreme court, by an indifferent person not specially deputed to serve the same, constitutes no notice of the petition, which the petitionee is bound to regard.

PETITION for a divorce.   The petitionee was set up as having left the state and gone to parts unknown.   On application to a Judge of this court an order was made requiring the petitionee to be notified

*Guild v. Guild.*

by publication, or by delivering to him a true and attested copy of the petition and order. No person was named in the order to make the service.

No service was made, except by the delivery, by an indifferent person, of a copy of the order and petition to the petitionee, at a place within the state; which was verified by affidavit. The petitionee did not appear.

Curia, *Per* Redfield, J. The libel in this case has clearly not been served upon the petitionee in the manner required by the statute. The Revised Statutes, ch. 63, § 25, require, that, " when the party complained of [in an application for a divorce ] is within the state, the libel, together with a summons to appear and answer thereto, shall be issued by the clerk of the court, and should be served on the adverse party twelve days, at least, before the sitting of the court." Section 26 provides the mode of serving such summons; which is substantially the same as the serving of other writs of summons, without specifying *by whom* it may be served. We conclude it must be intended that it may be served by the same authority as other writs of summons,—that is, by a public officer, or, for want of such officer, by an indifferent person, *"being named."*

In the present case there was no such *process* issued as the statute requires in such a case; and no legal *notice* was given, if such process had been sufficient. And although there is no objection made by the defendant to the regularity of the proceedings, yet even that fact, we think, is not sufficient to cure the defect. The notice to the petitionee was one which, by law, he was not bound to regard.