West *v.* Walworth.

---

NATHANIEL WEST *v.* DANIEL P. WALWORTH.

*Practice.   Costs.   Subpœna.*

A party, who has taken out and used a subpœna in good faith, will be allowed to tax costs for it and the expenses of its service, notwithstanding it be addressed generally to " any indifferent person to serve and return," and notwithstanding the person summoned does not attend at the trial.

THE only question in this case related to the taxation of costs. The plaintiff claimed to tax for a subpœna and the service of the same on one Bennett. The defendant objected on the ground that the subpœna was directed simply to *any indifferent person,* and not to the person serving it by name. It appeared that the plaintiff took out the subpœna and had it served on Bennett in good faith, believing his testimony to be material. The witness did not however attend for the reason, as was stated by the counsel in the argument, that he was notified before the trial that the case would not be tried.

The county court at the June Term, 1860,—POLAND, J., presiding, allowed the items claimed by the plaintiff to be taxed, to which the defendant excepted.

*J. H. Prentiss,* for the defendant.

*Cooper & Bartlett,* for the plaintiff.

BARRETT, J. This case comes before this court on exceptions taken to allowing costs to be taxed for a subpœna and the ser-

vice of it, which was directed to any indifferent person to serve and return. While we acquiesce in the decision in *Mattocks* v. *Wheaton*, 10 Vt. 443, that a subpœna thus directed is so far irregular as not to impose the duty on the witness, upon whom it is served, to attend in obedience to it, still we are not disposed to hold that fees for it and its service may not be taxed in the bill of costs, when taken by the party, and served in good faith. Judge WILLIAMS, in *Mattocks* v. *Wheaton*, intimates that it probably had been and would be so treated, when the witnesses should attend in obedience to it. It is within the knowledge of several members of the court, that it is latterly the common practice thus to have subpœnas directed ; and we have reason to suppose that that suggestion of Judge WILLIAMS has been regarded as giving countenance to this mode of direction. It does not occur to us what interest it is to the other party, in what way the subpœna is directed. Whether it is effectual to compel the attendance of opposing witnesses or not, is a matter entirely between the party taking such a subpœna and the witness. It can work no prejudice to the adverse party if the witness should not attend in obedience to the summons. If it is taken in good faith, and used for the purpose of calling the witness into court, it would seem that it might as well be taxed for in the bill of costs, in case the witness is not compellable thereby to respond for not attending, as if he were thus compellable. It is a precept, in no way affecting rights *inter partes* to the suit, but solely affects rights and duties between the party using the subpœna and the witness himself. It by no means follows as a *necessary* consequence, that a party will be allowed to tax for a subpœna and its service that is regularly issued and directed. Whether allowed or not, depends on the good faith with which it was taken and used, and this question may always be, and often is, raised in the taxation of costs. We are disposed, and particularly in view of the extensive practice in this respect, to leave this matter to rest on the question of good faith, and not dependant upon the technical regularity of the precept, and its legal sufficiency to compel the attendance of the witness. Nor are we disposed to make the actual attendance of the witness necessary in order to entitle the party to tax for the subpœna and

service. If it was taken and served in good faith, for the purpose of bringing the witness into court, to testify on the trial of the cause, it is altogether a matter between the witness and the party wishing to use him, whether the witness attends or not. In this case, the court are given to understand that the non-attendance of the witness was owing to the fact. that, after being summoned, he was notified not to come, because the case would not be tried. In such case, certainly, there is as much reason why the subpœna and service should be taxed in the costs as there would be if the witness had actually gone to court, and the case had been there continued without trial.

This being a matter of importance only in reference to practice and a rule of taxation, we think it better to regard the prevalent understanding and usage in this respect, than, for any purely technical reason, to hazard the confusion and probable perplexity that would result from holding that no such subpœna and its service could be made the subject of taxation. We are not unmindful of the seeming incongruity of holding that the precept is powerless to compel obedience to its command, and still allowing costs to be taxed for it and its service. But, upon the views above suggested, we think it better so to hold, than to undertake to change the course of practice, in contravention of the general understanding of the profession on this subject.

The judgment is therefore affirmed.