WILLIAM R. SMITH *v.* WILLIAM WILBUR, *Appellant.*

*Subpœna. Process. Authorized · Person. Costs. Tender of Amends.*

A subpœna for a witness may be directed to an indifferent person to serve and return, and, if issued by a justice of the peace, an authorization endorsed upon the precept by the justice is not necessary.

An indifferent person serving a subpœna is entitled to full fees therefor.

The party to whom a tender of amends and the accrued costs is made, is entitled to be tendered the travel and attendance fees of a witness whom he has in good faith subpœnaed to attend an approaching trial of the cause, provided there is not sufficient time before the trial by reasonable diligence to notify the witness not to attend, even though at the time of the tender no fees have been paid to the witness.

*Quere,* whether the non-attendance of the witness at the time appointed for the trial renders the rule otherwise.

The party to whom the tender is made is not bound to inform the other party that he has summoned such witness, if no inquiry is made of him in regard to the fact or the amount of his costs.

A tender of amends and the accrued costs, under the act of 1856, Gen. Stat., Chap. 25, sec. 44, is not the subject of a plea in bar, nor a matter to be tried by the jury. Its effect is only upon the costs of the action, and that rests wholly in the discretion of the court.

TRESPASS for taking a heifer. Plea, not guilty, and a tender of sufficient amends for the injury complained of, with the accrued costs, in accordance with the statute, act of 1856, No. 15, General Statutes, chapter 25, section 44, p. 200. The plaintiff replied, traversing the tender of sufficient amends. The cause was tried by jury at the March Term, 1861, KELLOGG, J., presiding.

The defendant introduced evidence tending to show that on the 5th of December, 1859, and more than twenty-four hours before the time appointed for the trial of this cause before the justice of the peace, he tendered the plaintiff twenty-seven dollars for his damages in consequence of the alleged trespass, and for the costs then accrued ; and he brought the same money into court.

The plaintiff claimed that at the time of this tender his costs already accrued amounted to nine dollars and twenty-two cents. The defendant admitted the correctness of this bill of costs with the exception of the items for the service of two subpœnas and those for the travel and attendance of three witnesses.

It appeared that the justice's court in the cause was appointed for the 6th of December, 1859, at Danby, and that previous to that time and in preparation for the expected trial the plaintiff had taken out two subpœnas, which were addressed at the beginning of the subpœnas " to the sheriff of Bennington county, his deputy, any constable in the county, or James Martin, an indifferent person." No special authorization to. Martin was endorsed upon either of these subpœnas. These subpœnas were served before the defendant's tender, by one John A. Martin, as an indifferent person, and in the plaintiff's bill of costs full fees were claimed for such service.

It did not appear that any fees for travel and attendance had been paid to the witnesses so summoned previous to the time of the defendant's tender. Three of the witnesses so summoned resided in Landgrove, and the plaintiff's testimony tended to prove that at the time of the defendant's tender the roads were so obstructed by snow drifts that it was impossible by the exercise of reasonable diligence to notify these witnesses in season to prevent their attendance before the justice on the 6th of December, the day named in the subpœna.

Two of these three witnesses actually did attend on that day. Included in the plaintiff's bill of costs of $9.22 were the usual charges for travel and attendance of these three witnesses. There was no evidence tending to show that at the time the tender was made, the plaintiff said anything to the defendant in relation to the costs of the suit then accrued, or in regard to his having issued any subpœnas, nor that any enquiry was made of him by the defendant in respect to either of those matters.

The court, among other things not excepted to, instructed the jury, as to the sufficiency of the defendant's tender, that if a subpœna is served by an indifferent person to whom it is therein directed for that purpose, such person would be entitled to receive the same fees for such service which a proper officer,

authorized by law to serve such precept, would be entitled to charge for the same service, and that the provision for the allowance of half the fees of a regular officer was applicable, under the statute, (Comp. Stat., p. 234, §§ 39, 40,) only to the case where the person serving the process derives his authority from an indorsement upon the precept by the magistrate to whom it is returnable ; that if the plaintiff had, at the time of the defendent's tender, caused the subpœnas to be served, as his testimony tended to prove, the fees charged for such service in his bill of costs were proper and legal ; and that if the plaintiff caused a subpœna to be served upon the three witnesses in Landgrove, requiring their attendance as witnesses before the justice's court in this suit prior to the making of the said tender as aforesaid, as the plaintiff's evidence tended to show, he would thereby become liable for their fees for travel and attendance pursuant to said subpœna, in the event of such attendance, and if, at the time of the making of said tender as aforesaid, it was not possible for the plaintiff, by the exercise of due and reasonable diligence, to give notice to these witnesses, so as to save or prevent their travel and attendance pursuant to said subpœna, their fees for such travel and attendance ought to be considered as a part of the taxable costs of the plaintiff, which had then accrued.

The defendant excepted to so much of the charge of the court as is above detailed.

The jury returned a verdict that, as to the first issue joined, the defendant was guilty, &c., and found for the plaintiff to recover $22.08 damages, and that, as to the second issue joined, the defendant did not make a tender of sufficient amends for the plaintiff's damages and costs then accrued.

*M. H. Cook* and *J. Prout*, for the defendant.

———— ————, for the plaintiff.

POLAND, CH. J. The questions now attempted to be made by the defendant as to the costs of serving the subpœnas, that a person can not be properly authorized by the justice to serve a

subpœna, except by an authorization endorsed upon it as pro-
vided by section 39 of chapter 29, Compiled Statutes; and also
that it was served by a different person from the one named in
it, were not made in the county court, and so can not be
raised here. The exceptions say that the only question made
as to these fees, was, whether the person serving them was enti-
tled to full fees, or only half fees, as provided for authorized
persons by the statute above referred to.

This question does to some extent involve an inquiry into the
propriety of this mode of authorizing an indifferent person to
serve a subpœna. The statute does not, in terms, authorize a
justice of the peace to direct a subpœna, or any kind of process,
to an indifferent person to serve. The form given by the statute
for a citation to a party to attend the taking of a deposition,
implies that it may be directed to and served by an indifferent
person. That is more nearly allied in character to a subpœna
than either are to ordinary legal process, whether *mesne*, or
final. This mode of directing subpœnas, has been generally
practised in the state, and it has never been understood that the
persons thus authorized were restricted to half fees. The case
of *Mattocks* v. *Wheaton*, 10 Vt. 493, by implication at least,
sanctions the idea that a subpœna may be so directed, and
though it was held in that case that if the subpœna was served
by an indifferent person, not named in the direction, the witness
was not liable to the penalty for not obeying the subpœna; still
WILLIAMS, CH. J., who gave the opinion, intimates that this is
not such an irregularity as would prevent the party from taxing
for such service in his costs. This intimation was followed in
a recent case in Orleans county, *West* v. *Walworth*, 33 Vt. 167,
where it was expressly decided that a party was entitled to tax
for the service of a subpœna by an indifferent person, not named
in the direction. It must be regarded now as fully settled by
proper adjudication, as well as by long practice, that this
mode of directing subpœnas is legal and proper, and that the
case is one not within the 39th and 40th sections of the statute.
The language of the 39th section seems clearly not to include
subpœnas, but to apply only to precepts *returnable to him*, while
justices of the peace are authorized to issue subpœnas for

witnesses returnable before other justices, or any other tribunal in the state where witnesses are needed. If subpœnas do not fall within the class of process named in the 39th section, it is not claimed that the fees for serving them come within the restriction of the 40th section.

The defendant insists that at the time he made his tender of amends to the plaintiff, he was not bound to tender for the travel and attendance of the three witnesses who had been summoned by the plaintiff; that those could not be properly considered as costs then accrued, because their fees had not then been paid, and not having been paid, or tendered, the witnesses were not legally bound to appear. But we are of opinion that in respect to the costs to which a party is entitled, no such strict principle is to be applied. The plaintiff had summoned his witnesses in the usual mode, and in good faith, and had placed himself under a legal liability to pay them if they attended, and the jury have found that it was impracticable for the plaintiff then to countermand their attendance. The fact that the witnesses' fees had not been paid, or tendered, so that the plaintiff could have had a remedy against them if they failed to appear, was a matter wholly between himself and the witnesses; his liability to them, incurred in a reasonable mode, was sufficient to entitle him to a tender of their fees. We have felt some doubt, whether if the tender had proved large enough, deducting the fees of the witness who did not attend the trial, it ought not to be held sufficient, but as it appears that the damages found by the jury and the costs, deducting the fees of this witness, exceeded the sum tendered by the defendant, the result must have been the same, so that if there was error in this particular, it need not disturb the judgment. The fact that the plaintiff did not inform the defendant that he had summoned these witnesses was of no importance. If the defendant desired any information as to the amount of the plaintiff's cost from him, he should have enquired, for he knew a suit had been brought and some costs had accrued, and if he chose to make a tender without enquiry, the plaintiff certainly was not in fault. Whether if he had enquired of the plaintiff as to his costs, the plaintiff would have been bound to inform him, it is not necessary now to decide. As the plaintiff's

costs were peculiarly within his knowledge, there would seem to be some reason for requiring him to give information as to what costs he claimed, if information was asked of him.

The case cited from Maine, 2 Fairf. 258, where it was held that a tender of the full amount of a debt could not be avoided by the plaintiff by showing that he had previously procured a writ to be made on the debt, of which the debtor had no knowledge, and which the plaintiff did not disclose when the tender was made, but refused the tender on other grounds, is not at all in opposition to our views. The court very justly held that if the plaintiff claimed pay for his writ, he should have told the defendant he had one, and that his silence was a waiver of costs.

The only remaining exception, that is now insisted upon, is that the court did not direct a verdict for the defendant, on the issue made on his plea of tender of amends. The defendant pleaded that he tendered the plaintiff twenty-seven dollars, which was sufficient to cover his damages and costs. The plaintiff's replication traversed the making of the tender. There seems to have been no question made on the trial but that the defendant did properly tender to the plaintiff twenty-seven dollars, as stated in the plea, but the whole inquiry on this issue was whether that sum was sufficient to cover the damages the plaintiff was entitled to, and the costs then accrued, and as the jury found it did not, they found that the defendant did not tender sufficient amends. The defendant now claims that as the plaintiff traversed the making of the tender and not its sufficiency, a verdict should have been taken on that issue in his favor, as he proved the making of the tender as pleaded. We do not find in the exceptions that the court were asked to give any such direction to the jury, or that any exception was taken thereto, which is enough to dispose of the question here.

This case has, however, called our attention to the act of 1856, under the provisions of which this tender was made, and, as this is the first time this statute, or any practice under it, has been before the court, we have given it some attention, and deem it advisable to state our views of its meaning.

We are of opinion, that a tender made under this act is not the subject of a plea in bar of the action, nor a matter to be

tried by the jury at all.   The only effect to be given to the tender is upon the costs of the suit, and this is wholly left in the discretion of the court.   The statute does not provide for pleading the tender, or for giving it in evidence on the trial, nor for the jury giving any verdict upon it.   The plaintiff is to have his damages found by the court or jury who try his case, and then the effect of this tender is left wholly to the court.   If the sum tendered is equal to the damages found, and the costs accrued when the tender was made, still if the court are of opinion that the defendant " did not act in good faith in the matter complained of," they may allow the plaintiff all his subsequent costs.   If the court are of opinion that the defendant did act in good faith, and the tender is sufficient in amount, then the court are to disallow the plaintiff's subsequent costs, and allow or disallow the defendant's subsequent costs according to their discretion. If such tender can be pleaded in bar of the action, and if found by the jury sufficient to cover the plaintiff's damages and costs then accrued, and a verdict be returned for the defendant, it seems a little difficult to see how the court, if they think the defendant did not act in good faith, are to render a judgment for the plaintiff for his damages and costs, or how they could consistently deprive the defendant of his costs against the plaintiff.

It is apparent to us that the object of the statute was to enable the defendant in such cases to pay money into court, to answer the plaintiff's claim, and to give the court a very extensive discretion in relation to costs, to meet the peculiar circumstances and equities of every case.

The defendant in this case made no objection to the course taken in the court below, and took no exception thereto, nor do we see that his rights were in any manner prejudiced thereby.

The judgment is affirmed.