Adams v. Morgan.

*N. S. ADAMS v. JOHN MORGAN.

*Tender. Pleading. Statute.*

A tender under the statute, G. S. p. 200, § 44, was not intended to be made a subject of a plea in bar to be tried by jury, but only a matter to be acted on by the court in the taxation of costs, in the discretion of the court under the limitations therein prescribed.

But if it could be pleaded in bar, it would be bad without allegations that the defendant acted in good faith in the matter complained of.

THIS was an action of *tort* with counts in trespass and trover. The case was heard upon demurrer to the defendant's second plea to the first two counts of the plaintiff's declaration. The second plea was as follows:

"And for a further plea in this behalf as to the said sum of two "dollars parcel of the said damages alleged in said first and second "counts to have been received by the said plaintiff—the said defend-"ant * * * says that the said plaintiff ought not "to have or maintain his aforesaid action thereof against him to "recover any more or greater damages than the said sum of two "two dollars parcel, etc., in this behalf, because he says that after "committing the said supposed grievances in the said first and sec-"ond counts mentioned as to the said sum of two dollars parcel, etc., "and before the commencement of this suit, to wit: on the 15th day "of March, A. D. 1864, at Eden aforesaid, he the said defendant "was ready and willing, and then and there tendered and offered to "pay to the said plaintiff the said sum of two dollars parcel, etc., as "and for amends for the said several grievances in the said counts "mentioned, which was then and there a sufficient sum in that behalf, "to receive which of the said defendant he, the said plaintiff, then "and there wholly refused; and the said defendant in fact further "says that he, the said defendant, always from the time of commit-"ting the said supposed grievances in the counts mentioned as to the "said sum of two dollars parcel, etc., hitherto, at Eden, aforesaid, "has been ready to pay, and still is ready to pay to the said plaintiff "the said sum of two dollars parcel, etc., and he now brings the same "into court here ready to be paid to the said plaintiff if he will "accept the same, and this he, the said defendant is ready to verify, "wherefore, etc."

The court at the December Term, 1864, ALDIS, J., presiding, overruled the demurrer,—to which the plaintiff excepted.

*This case was heard at the August Term, 1865.

*Powers & Gleed,* for the plaintiff.

*Brigham & Waterman,* for the defendant.

The opinion of the court was delivered by

PECK, J. The question is as to the sufficiency of the defendant's plea to the first two counts of the plaintiff's declaration. The first count is trespass for a sled, and the second count is trover for the same. The plea is a plea of tender of a sum of money as amends in usual form, in bar, to which the plaintiff demurs.

The action is not one in which such tender can be pleaded at common law. If a tender can be made and be successfully pleaded, it must be by virtue of some statute. The act of 1802, (Slade's St., 145,) which has been in force ever since, if interpreted literally, would seem to be comprehensive enough to authorize such tender, including costs, if made after the commencement of the suit, and by the time therein required before the session of the court; as it in terms extends to "*any civil action.*" Compiled Statutes, page 593, section. 6; General Statutes, page 724, section 7. And probably the party might tender before suit, in any case in which, under this statute, he could tender after the commencement of the action. But the practical construction of this statute has been not to extend it to actions of tort. It was so held in *Hart* v. *Skinner,* 16 Vt. 138.

But the defendant relies on the statute of 1856, now in General Statutes, page 200, section 44. This provision authorizes a tender to be made in actions of this kind; but the effect given by this statute to the tender is quite different from that given by the former statute. The former statute provides that, " the defendant may on the trial of the cause, and under the general issue, give such tender in evidence in bar of the action, and on proof thereof and payment of the money tendered into court, he shall recover his costs." The statute of 1856 provides that, " if the plaintiff shall refuse to receive the same, and the defendant shall bring into court the sum so tendered, then, *if in the opinion of the court the defendant acted in good faith in the matter complained of*, the plaintiff shall recover no costs accruing after such tender, unless he shall recover a larger sum in

damages than the amount of damages so tendered; but the defendant shall be allowed in the discretion of the court, to recover his costs which shall have accrued after such tender." Under this statute the defendant can not avail himself of the tender for any purpose whatever unless in the opinion of the court he acted in good faith. This plea contains no allegation that the defendant acted in good faith. For aught that appears the trespass was wilful and even malicious. The allegations in the plea may all be true and yet the tender of no avail. It therefore is not good as a plea in bar. It may be said that such allegation is not necessary because the question of good faith of the defendant is not for the jury, but for the court to determine. The statute does submit this question to be determined by the court; and from this consideration, and in view of the difference in the language of this statute as compared with the former statute referred to, in reference to the manifest object and declared effect of the tender under this statute, we are satisfied that a tender under this statute was not intended to be made a subject of a plea in bar, to be tried by jury, but only a matter to be acted on by the court in the taxation of costs, in the discretion of the court under the limitations therein prescribed. The jury are to try the case without reference to the tender, and in taxing costs, if it appears to the court that the defendant tendered a sum equal to or greater than the amount of damages found by the jury and costs up to the time of the tender, the plaintiff recovers no costs accruing after the tender; and in that event the court in their discretion may allow the defendant to recover costs accruing after the tender. This is the view of this statute expressed by the court in *Smith* v. *Wilbur*, 35 Vt. 133. It is insisted by the defendant's counsel that the right to plead the tender in bar results from the right given to make the tender, without any express right being given to plead it. This might be so if the statute was silent as to the effect of the tender; but not so when the statute declares the effect to be upon the costs and to depend on the opinion of the court as to the good faith of the defendant, and even then to rest to some extent in the discretion of the court. It is insisted on the part of the defence that even upon this construction of the statute the defendant has a right to plead the tender, as the fact and

Adams *v.* Morgan.

amount of the tender may be in dispute, and that the court have `no right to withdraw that issue from the jury to the court. But it can not be supposed that the intent of the legislature was that the issue should be divided, and the jury decide upon the fact and amount of the tender, and the court decide as to the good faith of the defendant in the matter complained of. The taxation of costs is the legitimate duty of the court, and the court has the right to pass upon such facts as are necessarily incident to the proper performance of that duty. If we hold the plea good, then if the jury should find the tender sufficient in amount, and the court should not be of opinion that the defendant acted in good faith, the verdict would be for the defendant, and yet the plaintiff would be entitled to judgment for his damages and costs, with no damages assessed. This embarrassment could only be avoided by requiring the jury to find a special verdict. Such a proceeding could not have been intended.

As the tender is pleaded in bar, and constitutes no defence to the action, but is only matter to be considered by the court in taxation of costs, depending for its effect on the opinion of the court as to the good faith of the defendant, and to some extent on the discretion of the court, the demurrer is sustained, and judgment reversed and judgment that the plea is sufficient, and case remanded.