NANCY SPAULDING v. MORRIS WARNER.

*Trespass. Evidence. Presumption. Costs. R. L. s. 1450. Tender. Amends. Practice. Docket Entries.*

1. Under a count in trespass alleging damages only to *grass, corn, and trees,* evidence is not admissible to prove injury to *grape vines* and *garden vegetables,* when a tender had been made.

2. In an action of trespass for injury done by the defendant's cow, evidence of bantering and stone throwing between the parties on some other occasion than when the cow broke in, is not admissible for the purpose of showing malice.

3. The defendant made a tender under the statute of $10—R. L. s. 1450—more than sufficient to cover the damages and costs; the jury allowed the plaintiff $5 damages; but the court rendered judgment for the defendant; *Held,* error; that the plaintiff was entitled to a judgment on her verdict, her costs, &c.; that the defendant should recover his costs in the County Court subsequent to the tender, and execution issue for the balance.

4. PRACTICE. TENDER. The tender is not a defence, but a matter of proof, bearing on the question of costs.

5. PRESUMPTION. It is presumed that the County Court found that the defendant acted in good faith; that the tender was kept good by being brought into court; and that the court properly exercised its discretion,—as it rendered judgment for the defendant to recover his costs when he was not entitled to them without the finding of good faith, &c.

6. The court can refer to the docket entries though not made a part of the bill of exceptions.

7. Evidence was admitted as to a division of the fence; but if error, it was harmless.

TRESPASS on the freehold.

Plea, the general issue. Trial by jury, December Term,

1884, TAFT, J., presiding. Verdict for the plaintiff; but judgment for the defendant to recover his costs since the tender was made. The jury returned a verdict for the plaintiff for $18.41, damages and costs; but to the following question: "What was the amount of damage done to the ground, growing grass, corn, the apple tree, and the corn fodder in the barn?" they answered that it was $5. It was proved that the defendant made a tender of $10 shortly after he was sued, when the plaintiff's cost amounted to only $4.

The action was for damage caused by the defendant's cow. The declaration, after averring a breaking and entering of the plaintiff's close, and also special damage to the grass, corn, trees, &c., alleged that the defendant "then and there did other wrongs to the said," &c. On trial the defendant was allowed to introduce evidence tending to prove, that the fence between the parties had been divided; and that the cow in committing the trespass passed over the division fence which it was the duty of the plaintiff to maintain. The plaintiff excepted to the admission of this evidence. His evidence tended to show that the cow passed over the defendant's fence, and caused the damage. The plaintiff also offered evidence to show that when she called upon the defendant to restrain his cow, he called her opprobrious names, and that stones were thrown, &c., for the purpose of proving malice. The other facts are sufficiently stated in the opinion.

*Gilbert A. Davis,* for the plaintiff.

The evidence as to the division fence was not admissible. *Scott* v. *Grover,* 56 Vt. 499; *Tupper* v. *Clark,* 43 Vt. 200. It was error to exclude the evidence offered to prove the defendant's malice. *Ellsworth* v. *Potter,* 41 Vt. 685; *Devine* v. *Rand,* 38 Vt. 621; *Weston* v. *Gravlin,* 49 Vt. 507; Sedg. Dam. (7th ed.) 272. But if the verdict is to stand, the judgment should be for $18.41. 1 Chit. Pl. 397. The crops were

a part of the realty. *Clark* v. *Boardman*, 42 Vt. 667, 677; *Stratton* v. *Lyon*, 53 Vt. 643; 2 Wash. R. P. 625; 4 Kent Com. 468. The plaintiff can recover for garden vegetables as a part of one entire transaction. 17 Pick. 78. It is not found that the defendant acted in good faith, or that the tender was brought into court. *Smith* v. *Wilbur*, 35 Vt. 139; *Adams* v. *Morgan*, 39 Vt. 303; *Sargent* v. *Slack*, 47 Vt. 674; 18 Vt. 335.

*S. E. Pingree*, for the defendant.

The plaintiff on trial cannot go outside the statement of special damages. The tender was intended to, and did, cover the amount of the demand for which the suit was commenced.

1 Swift Dig. 604; 1 Chit. Pl. (13th ed.) 396–7.

The opinion of the court was delivered by

VEAZEY, J. The verdict being for the plaintiff implies that the jury found that the cow broke through the fence which the defendant was bound to keep in repair. Therefore, if the admission of the evidence as to the division of the fence was error, which is not decided, the plaintiff was not harmed by it. The bill of exceptions does not show that there was any issue in respect to the fence except as to its division.

The special verdict establishes the amount of the damages for all the injuries specified in the declaration. There was no occasion to include in that verdict damage to the fence, as the verdict, so far as appears and is inferable, was based on the theory that it was the defendant's fence, if any, that was injured.

Damages to grape vines and garden vegetables are not recoverable under the declaration. These injuries were not specified and were not covered by the averment of other wrongs. The general test under such averment, is, whether they were damages and matters which naturally

arose from the act complained of, and could have been stated with convenience and decency. Chit. Pl. p. 397. The pleader here alleged damages to grass, corn, and trees, omitting grape vines and garden vegetables; and a tender was made under the declaration as it stood. On trial the plaintiff claimed not only the damages specified, but, in addition, for injuries to other things. We think the court correctly limited the recovery to the damages as alleged.

Evidence of word bantering and stone throwing between the parties on some other occasion than when the cow broke in, was properly rejected.

A tender was made, under section 1450, R. L., within the time therein provided and more than sufficient to cover all the damages, with the costs then accrued. That section provides that if the plaintiff refuses to receive the tender, "and the defendant brings into court the sum so tendered, if, in the opinion of the court, the defendant acted in good faith in the matter complained of, the plaintiff shall recover no costs accruing after such tender, unless he recovers a larger sum in damages than the amount of damages so tendered, but the defendant shall be allowed, in the discretion of the court, to recover his costs which accrued after such tender."

Under this statute, when the tender is not received, the *jury* are to try the case without reference to the tender. The *court* is to take notice of the tender, and to act on it in the taxation of costs. It was not intended to be the subject of a plea in bar to be tried by jury, but a matter of proof on the trial, bearing on the question of costs. *Adams* v. *Morgan*, 39 Vt. 302; *Smith* v. *Wilbur*, 35 Vt. 132. Under these cases and others in this State it would seem that if the tender was a proper subject of a plea in bar it would be required, under demurrer, that the plea should allege that the defendant acted in good faith and that the tender was kept good by being brought into court seasonably. The bill of exceptions in this case does not expressly state that the court found these facts. With these facts found the pro-

vision is that the defendant shall be allowed, in the discretion of the court, to recover his costs which accrued after such tender. In this case the court rendered judgment for the defendant to recover his costs since the tender, and refused to render any judgment for the plaintiff; to both of which rulings the plaintiff excepted.

The judgment for the defendant was correct in substance if not in form provided this court should presume that the County Court found the facts essential as the basis of the judgment, or in other words properly exercised its discretion under the statute.

The decisions in this State have been repeated and uniform that all reasonable presumptions will be made, in the Supreme Court, in favor of the regularity of the proceedings and decisions of the County Court, and unless it appears affirmatively upon the bill of exceptions that error has intervened, the judgment will be affirmed. In this case it does not appear that the County Court did not find the facts necessary to warrant the judgment as rendered, and upon legal evidence. To warrant a reversal we must assume those facts were not found instead of presuming they were found. This would be against settled law and good sense. Moreover a reference to the docket entries in this case shows that the tender was seasonably brought into court. Such reference may be made although the record is not specially referred to in the bill of exceptions as part thereof. *Frost* v. *Bates*, 16 Vt. 145; *Wheelock* v. *Sears*, 19 Vt. 559.

Should the court have rendered judgment for the plaintiff, for the damages found by the jury and held by the court to be recoverable under the declaration and for costs to the date of the tender ?

Under the decisions *supra* a tender under this statute, if not received by the plaintiff, is not strictly a defence. The language imports that there may be a recovery by the plaintiff notwithstanding a sufficient tender. The jury

having rendered a verdict fixing the amount of damages we think there should be a judgment on this verdict, otherwise we should have the anomaly of a trial and valid verdict for a party without a judgment for him. The record would be incomplete. We are dealing with the statute, which is peculiar, only as to cases where the plaintiff refuses to receive the tender, not where he has received it. A distinction has been made between this and the preceding sections of the statute in the construction and application, as appears in the cases already cited.

As the plaintiff prevails in this court she should have costs here under the statutory restrictions applicable.

Judgment reversed, and judgment for plaintiff for the amount found in the special verdict, viz.: five dollars, and her costs to date of tender, and that the same is satisfied by the tender, so far as required, in the custody of the court; also that she recover her costs in this court; and that the defendant recover his costs in the County Court subsequent to the date of the tender; and that execution issue for the balance of costs to the party in whose favor the same may be found.