ANNA M. THOMAS *v.* FLORA M. GRAVES AND THOMAS A. DAVENPORT.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed August 14, 1916.

*Foreclosure—Non-Resident Defendant—Order of Notice—Recognizance—Notice of Taking Depositions.*

The giving of personal notice to an absent defendant, under the provisions of P. S. 1997, as amended by Sec. 81, No. 1, of the Acts of 1915, charges the property of the defendant in this State, the same as if there had been service upon the defendant within this State.

It is the intention of P. S. 1997, as amended by Sec. 81, of No. 1, Acts of 1915, that an order of notice to an absent defendant, as issued by the county clerk or other official, shall contain the name of the person who is to make delivery of the copies of the process and

pleading. Where the name of such person is not inserted, the order, and all proceedings based upon it are void.

Where the name of the recognizor for costs, in a petition to foreclose a mortgage on real estate, is typewritten upon the original petition, it may be presumed that the name was authoritatively presented to the clerk of the court as the signature of the recognizor and was accepted by the clerk as such.

Where a notice of taking depositions to shorten the time of redemption, attached to a petition for foreclosure is delivered to an absent defendant, under an order of notice, issued under P. S. 1997, as amended by Sec. 81, No. 1, the Acts of 1915, which order does not contain the name of the person who is to make the delivery, the notice of taking the depositions is invalid.

PETITION for foreclosure of a mortgage on real estate. Personal service was made upon the defendant, Davenport. The defendant, Flora M. Graves, was without the State of Vermont, and an order of notice was issued by the Clerk of the Court of Chancery of Bennington County, under which the copies of the process and pleadings, including a notice of taking depositions upon a motion to shorten the time of redemption, were delivered to her in New York City. The body of the order of notice was as follows:—

"It having been made to appear that when the within action was commenced the defendant Flora M. Graves, named in the within precept, was and now is without this State so that the said process cannot be served upon her, it is hereby ordered that the said defendant be notified of the pendency of said action and given opportunity to make defense therein by the delivery to her, personally, at any place without this State of copies of the within process and pleading and of this order certified by me to be true copies thereof, under the seal of said Court. by                , an indifferent person, who is hereby authorized to serve and deliver the same.

"Whereupon, the said Flora M. Graves is ordered to appear before the Court of Chancery within mentioned, at a session thereof next to be held at Bennington within and for the County of Bennington and State of Vermont on the first Tuesday in December A. D. 1915, and make answer in the premises.

"And the said Flora M. Graves is further required to cause her appearance in said cause, in person or by attorney, to be entered with the Clerk of said Court on or before 42 days from date of said writ.

"To                    , an indifferent person to serve and return with his affidavit showing the manner of service.

· The defendant Davenport did not appear. The defendant Flora M. Graves appeared specially, by her solicitor, and moved to dismiss the petition, for that, among other reasons, no legal service was made upon her; the process contained no recognizance for costs as required by law; and the copies of the process and pleadings were delivered to her, and the affidavit of service made, by an indifferent person, not named in the order for notice, and no person was sufficiently or legally authorized by the order of notice to deliver the copies to her.

Heard on the above motion to dismiss, in vacation after the December Term, 1915, Bennington County. *Butler,* Chancellor. Motion overruled, to which the defendant Flora M. Graves excepted. The bill was then taken as confessed, and an order made fixing time of payment. The defendant, Flora M. Graves appealed, having the benefit of her exceptions reserved to her.

*Batchelder & Bates* for the oratrix.

*D. A. Guiltinan, F. C. Archibald* and *R. E. Healy* for the defendant Flora M. Graves.

MUNSON, C. J. This is an appeal from a decree entered on a petition to foreclose a mortgage. The appellant was a resident of the City of New York, and copies of the process were delivered to her personally at that place under an order of notice issued by the clerk. She appeared specially by a solicitor, and moved to dismiss the petition on several grounds specifically stated. The most important objection is that the copies were delivered by a person not named in the order of notice.

The provision for giving notice to an absent defendant in any action at law or in equity by the delivery of copies outside the State, dates from No. 48, Acts of 1878. We do not find that the question before us has arisen in connection with this statute. Our decisions regarding the sufficiency of special au-

thorizations for the service of process relate mainly to service made within the State by one acting in the place of a regular officer. *Flinn* v. *St. John,* 51 Vt. 334; *Burton* v. *Wilkinson,* 18 Vt. 186, 46 Am. Dec. 145; *Leach* v. *Francis,* 41 Vt. 670. It is held in such cases that if an appointment is left blank by the magistrate and the name is subsequently filled in by another, or if an appointment containing the name is made upon a writ signed in blank and afterwards filled out by another, such appointment is void. *Kellogg, Ex parte,* 6 Vt. 509; *Kelley* v. *Paris,* 10 Vt. 261, 33 Am. Dec. 199; *Ross* v. *Fuller,* 12 Vt. 265, 36 Am. Dec. 342. But the statutes authorizing such an appointment have always required, either in express terms or by the necessary implication of a prescribed form, that the person appointed be named in or upon the process. Acts of 1797, Slade comp. pp. 64, 127; Rev. Stat. (1839) c. 28, §7, and c. 26, §22; Rev. Laws §862; Vt. Stat. 1082; Pub. Stat. 1430; *Culver* v. *Balch,* 23 Vt. 618; *Brooks* v. *Farr,* 51 Vt. 396. It is to be noticed, however, that under a statute which provided for summoning a resident libellee in a divorce suit by the delivery of an attested copy of the libel and summons, but without specifying by whom the delivery should be made, it was held that a designation of some one to make the delivery was essential. It was considered to be the intent of the statute that this process should be served like other writs of summons—by a public officer, or, for want of such officer, by an indifferent person, ''being named.'' *Spafford* v. *Spafford,* 16 Vt. 511.

The statute under which these copies were delivered relates solely to the giving of personal notice outside the jurisdiction. The importance of the duty imposed is obvious, for the giving of the notice charges the property of the defendant in the State the same as if there had been service within the State. The statute requires the delivery of copies of the process and pleading, and of the order for such delivery, to the defendant personally, by a person not a party. The proof thereof is to be by affidavit, stating the time and place of delivery, the age of the defendant or that he is above the age of twenty-one years, and the reason why the affiant knew the person to whom the copies were delivered to be the person named therein as a party. P. S. 1997, 1998. It is true, as urged by the petitioner, that this statute contains no express requirement that a person to make the service be named

in the order. This fact is entitled to careful consideration, but is by no means conclusive as to the legislative purpose. The nature of the proceeding authorized, its relation to the rights and interests of the adverse party, and the general policy of the Legislature on the subject, are all to be considered. Our decisions under the statutes above referred to are put upon the ground that the appointment of a person to serve a process is a judicial act, and so cannot be done by proxy. It is difficult to believe that in making provision for a personal notice by which jurisdiction is to be acquired, the Legislature intended that the designation of the one to give the notice should be made by the plaintiff, without official supervision or approval. The plaintiff might make use of a person mentally incompetent even for the simple duty required of him, or one morally capable of any fraud or perjury. If appointments are in fact made on the mere suggestion of the plaintiff, without knowledge or inquiry, the fault is in the practice and not in the law. When the clerk acts on the suggestion of the plaintiff's attorney, he has the statement of an officer of the court, who has sworn to do no wrong. It may be said further that the restrictive provision of the statute affords some indication of an intention to have an official designation, for it seems hardly consistent to say that a service which cannot be made by the party may be made by anyone whom the party may select. The difficulties attending a previous designation of some one for the delivery of copies in remote places, and the chances of failure of service after large expense has been incurred, are urged as indicative of the purpose of the statute. These considerations cannot well be given a controlling effect in the construction of a provision of this character; and the difficulties suggested are not likely to be serious in these days of convenient and rapid communication. We think it is the intention of the statute that the order of notice, as issued by the clerk or other official, shall contain the name of the person who is to make the delivery. So the order in this case, and the proceedings based on it, must be held to be void.

It is objected that there is no recognizance for costs. The claim is based on the fact that the name of the recognizor is typewritten. The name is that of one of the firm of solicitors who brought and prosecuted the petition, and in so doing must have presented it for filing and secured the order of notice. In these

circumstances it may well be presumed that the name was authoritatively presented to the clerk as the signature of the solicitor and was accepted by the clerk as such. In any event, it seems clear that the defendant cannot defeat the process by questioning the certificate of the clerk.

It is claimed that the order of service was defective because made returnable to a term of the court of chancery, and also defective because it required the defendant to cause her appearance to be entered with the clerk on or before forty-two days from the date of the writ, when there was no ''writ'' in the case. These objections can easily be obviated in drawing a new order of notice, and need not be considered.

A question arises as to the status of certain depositions on file in the case. A motion to shorten the time of redemption was made a part of the petition as required by the rule, and a notary's notice to the defendant to be present at the taking of depositions to be used on this motion, addressed to any sheriff or constable in the State or to any indifferent person, was attached to the original petition, summons and order of notice, and was included in the papers certified to by the clerk and delivered to the defendant under the order of notice. The defendant claims that there was no legal service of the citation.

When the adverse party resides out of the State, notice of the taking of a deposition may be given him by a citation served like a writ of summons on his attorney, if his attorney resides in the State; or, if he has no attorney in the State, the deposition may be taken without notice; in which case it must be filed in the court where the cause is pending at least twenty days before the time of trial. P. S. 1615, 1616. The attorney intended is the attorney in the cause. *Brintnall* v. *Saratoga, etc., R. R. Co.,* 32 Vt. 665, 677. The deposition may be taken at any time after the suit is commenced. P. S. 1614. It seems that the suit is to be considered commenced for this purpose when the process is so served ''as to render the defendant subject to the consequences as a party.'' *In re Foster,* 44 Vt. 570. No distinction can be made between the petition and accompanying papers, and the notary's citation, as regards the failure to name a person to make the delivery. A citation to attend at the taking of a deposition is put on the same footing in this respect as writs of attachment. *St. Johnsbury* v. *Goodenough,* 44 Vt. 662.

Even the service of a witness subpoena by an indifferent person not named in the direction is so far invalid as to prevent the recovery of the statutory penalty for a failure to obey it. *Mattocks* v. *Wheaton*, 10 Vt. 493. This holding has since been examined and acquiesced in. *West* v. *Walworth*, 33 Vt. 167; *Smith* v. *Wilbur*, 35 Vt. 133. The depositions have no other basis than the delivery of a copy of the citation as contained in the papers issued by the clerk; and as the citation was defective in the respect held fatal to the order of notice, that alone rendered the notice of the taking invalid, and other suggested infirmities in the procedure need not be considered.

> *Decree reversed and cause remanded.*