—— SMALL *v.* —— HASKINS.

*Exceptions.*

Exceptions taken upon a trial in the county court must be signed by the presiding judge and filed with the clerk within thirty days from the rising of the court. If, in consequence of the absence of the presiding judge from the state, the exceptions so taken and filed are signed only by the two assistant judges, they will, on motion, be dismissed.

The following opinion is the only paper in reference to this case which has come into the hands of the reporter.

By the court: REDFIELD, CH. J. The exceptions in this case were allowed and signed by the two assistant judges of the county court in the absence of the presiding judge from the state.

We are asked to dismiss them on the ground that they are not signed by the judge who presided at the trial. The statute of 1824, establishing the courts under the late system, which, so far as regards carrying cases to the supreme court, is the same as the present system, provided that "all questions of law arising upon jury trials and placed upon the record by the allowance and order of any two of the judges that shall attend the trial, may pass to the supreme court for a final decision." This section is substantially preserved in the revision of 1839. But an additional section provides that "exceptions to the opinion of the county court on any question of law which may arise on the trial of any civil cause, shall be signed BY THE PRESIDING JUDGE and filed with the clerk of said court within thirty days from the rising of said court."

In the present case the exceptions were not allowed in the mode provided by this last section. The provision is general and per-emptory in its terms. And the purpose undoubtedly was to supercede the former law in regard to the mode of transferring causes to the supreme court upon exceptions. And the practice of this court has been to dismiss the exceptions in all cases, unless allowed in conformity with this latter provision. Repeated decisions to that effect have been made. And the statute in terms provides, if they are not filed within that time, the clerk shall erase the entry of exceptions.

And it seems to us to have been equally the purpose of the legislature to require the exceptions to be signed by the presiding judge, as that they should be filed, within the thirty days. And we could not dispense with either of the provisions without, as it seems to us, a virtual repeal of the statute.

Exceptions dismissed.