### ALICE M. DWIRE *v.* HARRY C. DWIRE.

#### January Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

#### Opinion filed March 24, 1913.

*Divorce Suit—Discretion of County Court—Continuance After Hearing on Merits—Effect—Jurisdiction of Court at Subsequent Term—Decree by Assistant Judges—Exceptions—Signature—"Presiding Judge"—P. S. 1981.*

In the administration of the divorce law it is the duty of the court so to exercise its judicial discretion as best to conserve the interests both of the parties and of the public, for both those interests must always be regarded in the administration of that law.

Where a suit for a divorce is heard on its merits, even though in the opinion of the court petitioner shows good cause for divorce, yet, if it seems that the interests of the parties, or of the public, will thereby be better conserved, the court may continue the case; and such continuance may be general, or it may be special with an order for designated further proceedings, and in the latter case it should seem that at the succeeding term, the personnel of the court being the same, the trial may proceed from where it left off; but where such continuance is general, with no formal finding of facts, it amounts to a refusal to proceed further with the hearing, or to make any decree on the evidence received therein, and leaves the case as if there had been no hearing on the merits, and any decree rendered at a subsequent term must be the result of a trial *de novo.*

Where the county court, consisting of a presiding judge and two assistant judges, continued a divorce suit generally, after hearing on its merits, and at the subsequent term, the court consisting of the same assistant judges and a different presiding judge, without the participation of the presiding judge, rendered a decree of divorce on the evidence heard at the previous term, the senior assistant judge was the "presiding judge" who should sign the exceptions in that case, within the meaning of P. S. 1981, requiring exceptions.

to be signed by the "presiding judge," and the fact that they were signed also by the other assistant judge was harmless.

PETITION for divorce. Fully heard on the merits at the March Term, 1911, Rutland County, *Taylor,* J., presiding, and two assistant judges, and continued generally without any formal finding of facts. At the September Term, 1911, the court consisted of *Miles,* J., presiding, and the same two assistant judges; and then those assistant judges, without the participation of either of said presiding judges, and on the evidence heard at the March Term, 1911, entered a decree granting the petitioner a divorce on the ground of intolerable severity and awarding her alimony, to which the petitionee excepted. The petitionee's bill of exceptions is signed only by said two assistant judges who also made, signed, and filed a finding of facts, reciting the facts just stated and that at the said March Term "it was the opinion of that court that a case had been made out for intolerable severity on the part of the petitioner, but it was hoped at that time that a reconciliation could be effected between the parties, if a bill was not then granted, both parties being young; and in that view the case was continued, notwithstanding we were of the opinion that the petitioner was entitled to a decree. For the foregoing reasons the cause was continued instead of granting the prayer of the petitioner at that time. No facts were then found, but the case being called up by petitioner's counsel at this term of the court, and it being made to appear to us that a reconciliation had not been effected, we were asked to grant the bill upon the hearing that was had at said March Term," which was done.

*T. W. Moloney* for the petitionee.

*Charles L. Howe* for the petitioner.

The exceptions are not signed by the "presiding judge," as required by P. S. 1981, and for that reason should be dismissed. *Small* v. *Hopkins,* 29 Vt. 187, S. C. 30 Vt. 172; *Hancock* v. *Worcester,* 62 Vt. 106.

WATSON, J. This cause, a suit for divorce, was heard upon the evidence at a certain term of the county court, the presiding

judge and the two assistant judges being present. After full hearing the court entered an order of continuance generally in the cause, making no other order and no findings whatever. The record before us shows, by way of facts stated by the assistant judges at the following term, that at the term of the hearing it was the opinion of the court that a case had been made out by the petitioner on the ground of intolerable severity, but hoping that a reconciliation could be effected between the parties (both being young) if a bill was not then granted, the cause was ordered continued generally.

This was in accordance with a course of procedure in divorce cases, which in the discretion of the court has long obtained in this State when the circumstances are such that the interests of the parties, or of the public, may seem to be better conserved thereby; which several interests must be regarded in the administration of the law.

The continuance may be general, or it may be special and accompanied with an order for further proceedings, as for instance, the production of more evidence, or the testimony of the libellee; or some particular person not then at hand. In the latter case, it should seem that at the succeeding term, the court being of the same judges, the trial may proceed from where it left off when the continuance was ordered. See *Foster* v. *Redfield*, 50 Vt. 285. But when the continuance is general with no findings of fact placed upon record, as in the case at bar, it is tantamount to a refusal to proceed further with that hearing, or to make any decree on the evidence received therein. It leaves the case as if no hearing on the merits had been had, and any decree rendered at a subsequent term must be as the result of a trial *de novo*. This is the practical effect of such procedure with a general continuance in cases of this character, and acting in the interests of the public, as it stands related to, and affected by, the marital relations, we are not disposed to give it an effect which will permit the granting of a divorce at a subsequent term without a hearing anew.

It is the duty of the trial court in such cases wisely to exercise its judicial discretion, to the end that society and the public receive no detriment in proceedings affecting the institution of marriage. *Blain* v. *Blain,* 45 Vt. 538; *Foster* v. *Redfield,* 50 Vt. 285; *Burton* v. *Burton,* 58 Vt. 414, 5 Atl. 281; *Patch* v. *Patch,* 86 Vt. 225, 84 Atl. 815.

It follows that the action of the assistant judges in rendering a decree at the subsequent term without a fresh hearing upon the evidence, is not sustained.

It is said, however, that the exceptions are not signed by the "presiding judge," and consequently they should be dismissed on the libellant's motion. But we do not think this position is well taken. The judge who presided at the term when the evidence was heard, did not preside at the subsequent term when the decree was rendered. The presiding judge at the latter term did not participate in the disposition of the case. The assistant judges found the facts and rendered the decree.

By statute (P. S. 1349), the county court shall consist of one presiding judge and two assistant judges, any two of whom shall be a quorum, and therefore a legal court. *State* v. *Bradley,* 67 Vt. 465, 32 Atl. 238. In the case cited one of the assistant judges, though "not, probably, disqualified," did not sit. It was held not to be the legal right of a party that all shall sit if not disqualified. And the provision of the statute making "any two" of the judges a quorum, contemplates the possible absence of any one of them. It will be noticed that the exceptions must be signed by the judge who presides at the trial whereat the exceptions are taken. P. S. 1981; *Hancock* v. *Worcester,* 62 Vt. 106, 18 Atl. 1041.

In the case at bar at the term when the decree was rendered, the senior assistant judge was the presiding judge at the trial, within the meaning of the law, and the exceptions were to be signed by him. The fact that they were signed by the other assistant judge, also, does no harm.

The question raised concerning the amount of alimony decreed, is not considered, since at the time of another trial the amount and condition of the property owned by the libellee may be materially changed.

*Decree reversed and cause remanded.*

ROWELL, C. J. I say nothing as to the authority of the assistant judges to do what they did, for I am content enough with the result of the case. But I do not want to indorse what is said about the necessity of a hearing *de novo* after a general continuance. I think the good sense of the thing is, to save the labor and expense already done and incurred, and to commence

the next term where you left off the term before, the personnel of the court being the same, and do whatever is necessary to complete the hearing and end the case.

It makes no legal difference in my judgment whether the continuance is general or special, and the opinion points out no such difference, unless you say it does by referring to *Foster* v. *Redfield*, 50 Vt. 285. That was a petition for a mandamus in the nature of a procedendo to compel the judges of the county court to proceed to judgment in a divorce case that they had fully heard and denied a divorce, but had, nevertheless, continued without entering up judgment, hoping thereby to effect a reconciliation. There as here, the continuance was general, as fairly appears by the case itself, and as clearly shown by an inspection of the county court docket of the term at which the divorce case was tried. But there is no intimation in the case in the 50th that the fact that the divorce case was continued generally afforded any legal obstacle to commanding the judges to proceed to judgment. Nor does what Judge Barrett says about his practice and the practice of others in divorce cases indicate to my mind that he thought it necessary to that practice to have a special continuance accompanied with an order for further proceedings, for the very case with which he was dealing had no such continuance nor order, but only an out-and-out general continuance.