MARY L. BROWN *v.* VERMONT MUTUAL FIRE INSURANCE COMPANY.

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed  February 18, 1918.

*Bill of Exceptions—Docket Entries—Witnesses—Competency —General Objection—Exceptions—When Waived—Sufficiency—Fire Insurance—Proof of Loss—Motion for Verdict —Damages.*

Where the bill of exceptions and transcript do not show that any judgment was rendered in the case nor any exception taken to it, the Supreme Court may refer to the docket entries for information.

The signing of a bill of exceptions by the presiding judge within the time limited places upon the record the questions of law arising upon the trial, and entitles the excepting party to a consideration of the questions which are properly raised.

The competency of a witness to testify as to value is a preliminary question and is not raised by a general objection to his testimony upon the subject.

An exception to the competency of a witness to testify as to value may be treated as waived where the objection was not renewed after the question was not pressed, and further questions asked as to the qualifications of the witness.

The question of the competency of a witness to testify as to value is not saved by an objection that an inquiry as to the value of a house "assumed certain things which were not in evidence."

An exception to the reception of evidence for which no grounds were stated, cannot be said sufficiently to appraise the trial court of the objection that the questions asked permitted to be shown negotiations for a settlement made by one with no authority to bind the party.

In an action against an insurance company to recover upon a fire insurance policy, it was not error to overrule defendant's motion for a verdict on the ground that plaintiff had failed to furnish defendant with an amended proof of loss, as required by No. 115, Acts 1908, where the plaintiff insisted that the proof of loss already filed by her was correct, and, on trial, elected to stand upon its sufficiency.

If a proof of loss, filed under the provision of a fire insurance policy is sufficient, and is filed within the time limited, such proof is not void because the insured has failed to furnish the insurance company with an amended proof, as required under certain circumstances by No. 115, Acts 1908.

A request for a binding instruction that the jury return a verdict for defendant, presents the same question that is raised by a motion for a verdict.

In estimating the damages in an action upon a fire insurance policy, the jury may consider the cost of replacing the buildings destroyed with ones of equal value.

CONTRACT upon a fire insurance policy. Answer, the general issue, with notice of special matter in defence; among other things, that plaintiff had not furnished defendant with an amended proof of loss within thirty days after notice that the proof already furnished was defective, and that therefore the policy was void. Trial by jury at the September Term, 1916, Rutland County, *Butler,* J., presiding. Verdict for plaintiff. Defendant excepted. The opinion states the case.

*C. V. Poulin* for defendant.

*John S. Dorsey* for plaintiff.

MILES, J.   This is an action of contract with a count in general assumpsit, on a fire insurance policy. The exceptions relied upon by the defendant in its brief, are to the admission of evidence, to a certain portion of the charge of the court and to the court's refusal to direct a verdict for the defendant. The plaintiff challenges the sufficiency of the defendant's exceptions, upon the ground that it does not appear in the exceptions nor in the transcript, that any judgment was rendered in the case or exception taken to it, and an examination of the exceptions and the transcript shows the fact to be as claimed by the plaintiff; but an examination of the docket entries, certified to the clerk of the general term, shows that on October 26, 1916, a verdict was rendered against the defendant, on November 15, 1916, judgment was entered for the plaintiff, on December 18, 1916, defendant's skeleton bill of exceptions was filed and on August 9, 1917,

defendant's completed bill was filed.    To these entries this Court may refer.    *Spaulding* v. *Warner*, 57 Vt. 654.

From the docket entries it appears that following the judgment exceptions were noted.    Within the time limited, the presiding judge signed and filed a bill of exceptions, which placed upon the record the questions of law arising at the trial.    This entitled the defendant to a consideration of the questions which are properly raised.    2 R. C. L. 92, par. 68; *Felt* v. *R. R. Co.*, 48 Colo. 249, 110 Pac. 215, 1136, 21 Ann. Cas. 379; *Koehler* v. *Ball*, 2 Kansas 160, 83 Am. Dec. 451; 3 C. J. 939, par. 827; *Estabrooks* v. *Ins. Co.*, 74 Vt. 202, 52 Atl. 420.

The defendant makes six points in its brief, and the first one made is to testimony of the plaintiff as to the value of the property destroyed by the fire, and that point embraces six objections, to all of which no ground is stated, and the objections and exceptions taken are all as follows:    "Objected to, exception by the defendant."

The defendant urges in support of these objections only that there was no evidence that the plaintiff had any special knowledge of the value of the things testified about.    Such an exception goes to the competency of the witness to testify as to values, which is a preliminary question and not raised by a general objection.    *Brown* v. *Aitken*, 90 Vt. 569, 99 Atl. 265.

The second point in the defendant's brief is as to questions to Jacob F. Bidgood, in which the defendant says it was error to admit his testimony, as it does not appear that he had any knowledge of land values in the vicinity of the property in question. The point briefed, if we treat it as properly briefed, relates to a question as to the value of the house at the time of the fire.    The objection to this question was that it "assumed certain things which were not in evidence."    Earlier in the witness' testimony the objection to incompetency to express an opinion as to values, now relied upon, was interposed and thereupon the examiner, without taking an answer to the question objected to, asked numerous questions for the purpose of qualifying the witness to express an opinion.    The objection to competency was not renewed and the court could properly treat it as waived.    The exception taken is not briefed and the question briefed is not saved.

The third point raised in the defendant's brief is based upon exception 8 of the bill of exceptions, and that exception is to the overruling of defendant's objections to questions asked the

plaintiff when recalled to the witness stand after the testimony above referred to. No ground of objection was stated; but the defendant argued that it was an attempt to show negotiations for a settlement with Brockway, who had no authority to settle the matter. The question relied upon in the argument was not raised by a general objection to what Brockway, the defendant's adjuster, said concerning the loss. The only objection and exception made in this connection was as follows: "Objected to, exception by defendant." It cannot be said that such an exception sufficiently appraised the trial court of the objection that the questions permitted negotiations for a settlement to be shown and that Brockway had no authority to bind the principal.

The fourth point in the defendant's brief is to the overruling of the motion for a directed verdict and is exception 11. The point of this exception is that the plaintiff failed to furnish the defendant with an amended proof of claim within thirty days after notice by the defendant that the proof of claim already filed was not satisfactory. The fire occurred October 23, 1915 and on October 25, 1915, the defendant was notified of the fact and November 20, 1915, the defendant notified the plaintiff to send to it a proof of loss, which she did November 27, 1915, and the same was received by the defendant November 29, 1915, and on the 6th day of December, 1915, the defendant returned the proof of loss to the plaintiff with its objection and asking for a corrected proof. To this the plaintiff replied that she had given a correct proof of loss, and to this letter the defendant, on the 14th day of December, replied that it did not agree with her and asking her for a meeting at its office at Montpelier to adjust the matter. Later a meeting was had between the plaintiff and Walter Brockway, an agent of the defendant, at the office of J. C. Jones, Esq., in Rutland, Vt., where the conversation to which the defendant objected and excepted as above, took place. Previous to this meeting the plaintiff had insisted that the proof she had already sent to the defendant was correct and she insisted upon that claim on the trial and that question was submitted to the jury with proper instructions by the court. It was a question of fact whether the plaintiff had made the proof of loss within thirty days after notice by the defendant to do so, and it is not disputed by the defendant but that the proof relied upon by the plaintiff was made and furnished within thirty days

after notice. The plaintiff elected to stand upon her claim that the proof of loss was made and delivered to the defendant in accordance with the terms of the policy and the law, and therefore she was not required to make and deliver any other proof of loss. The plaintiff elected to stand or fall upon the sufficiency of the proof which she had made and delivered upon notice, and the jury have found that it was sufficient, and if there was evidence supporting that finding, it was not error to overrule the motion. *Smith* v. *Franklin,* 61 Vt. 385, 17 Atl. 838; *Manley* v. *D. & H. Co.,* 69 Vt. 101, 37 Atl. 279; *Fitzsimons* v. *Richardson et al.,* 86 Vt. 229, 84 Atl. 811. There was evidence supporting the plaintiff's claim and the verdict of the jury. The plaintiff's own testimony and that of several of her witnesses supported it. There was no error in overruling the motion.

The fifth point made by the defendant was on the exception to the court's charge and failure to charge as requested. The first exception to the charge, as stated by the defendant in the bill of exceptions, is as follows: "The defendant excepted to the charge of the court with reference to the proof of loss, wherein the court said as matter of law it was sufficient, and as to being filed in time, and so far as proof of loss was concerned the plaintiff would be entitled to recover."

Upon an examination of the charge we find the exception stated does not give the true import of the charge. What the court said upon that matter was as follows: "The proof of loss states that they placed in the schedule the barn at $500 and the house at $800. The plaintiff says that was a fair value and a sound value of the house and the sound value of the barn, as so set forth in the application. The evidence tends to show it was of that value; that the house was of that value and the barn was of that value. If it was, then the proof of loss was sufficient, and was filed in time, on the 29th day of November, 1915, and so far as the proof of loss is concerned, the plaintiff would be entitled to recover."

This was a correct statement of the law upon the question of the sufficiency of the proof of loss made and delivered to the defendant, in view of the claim of the defendant that the action was barred, because the plaintiff had failed to make and deliver a sufficient proof of loss. The defendant cites No. 115 of the Acts of 1908 in support of its claim that the proof of loss filed by the plaintiff is void; because the defendant gave her notice to make

and deliver a new proof of loss which it claims she failed to do. The act does not support the defendant's claim. That act only requires a new proof to be filed when the proof already filed is defective and insufficient in some material respect.

As to the request to charge, it was nothing more nor less than a request for a binding instruction that the jury return a verdict for the defendant, and presents the same question that is raised on the motion for a verdict, which we have held was properly overruled.

The sixth and last point made in the defendant's brief is to a portion of the court's charge, and is stated in the bill of exceptions as follows: "The defendant also excepts to what the court said or charged the jury, that they might, in considering the value of the buildings, consider the cost of rebuilding."

The charge of the court upon this point as to the measure of damages for the loss of the house and barn, was, in substance, that the difference in value of the farm before the fire with the buildings standing thereon and its value after the fire without the buildings, was the loss sustained on account of the destruction of the house and barn, to which no exception was taken.

In calling the jury's attention to the manner in which they should determine those values and the things to be considered in that connection, the court, among other things, instructed them as follows: "Now, in determining what this difference would be, we must consider the location, the size of the farm, the size and condition in which the buildings were at the time of the fire, their age, the cost of replacing the buildings in case they were destroyed—all as bearing upon the question as to the difference between the value of the property before the buildings were destroyed, and its value with the buildings burned down."

The charge of the court upon this point was satisfactory to the defendant, except that portion wherein the court said the jury might consider "the cost of replacing the buildings in case they were destroyed." The charge thus excepted to was in effect a charge that the jury might consider the cost of replacing buildings of equal value with those destroyed, and is in line with the clause in the policy providing a limitation of damages in case of loss, wherein it is said: "Which loss or damage shall in no event exceed what it would cost the assured to repair or replace the property with material of like kind and quality."

It was an instruction in the interest of the defendant, limiting but not fixing its liability, and .the charge in this respect is in accordance with the law laid down in *Citizens Savings Bank v. Insurance Co.*, 86 Vt. 267, 84 Atl. 970. There was no error in this part of the charge.

*Judgment affirmed.*