F. Dominic Falzarano *v.* Joseph Demasso.

January Term, 1924.

Present: Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed October, 1924.

*Exceptions, Bill of—Necessity of Filing Within Statutory Time —Court Cannot Extend Time for Filing After Expiration of Statutory Period—Loss of Right to Have Exceptions Heard, without Fault of Party, Ground for New Trial— Facts Justifying New Trial When Benefit of Exceptions Lost*

*—Application of Statutes Relating to Exceptions and Findings of Fact to Municipal Court—When Party Not Prejudiced in Application for New Trial by Having Followed Irregular Procedure as to Exceptions Suggested by Municipal Judge.*

1. Under G. L. 2258, where bill of exceptions was not signed and filed within 30 days after rising of court, the time for filing thereof not having been extended during that period, the exceptions, at end of such time, became a nullity by operation of the statute, and no subsequent order or act of the court could give them force as a basis for reviewing the case.
2. The loss of the right of a party to have his exceptions heard in the Supreme Court entitles him to a new trial, if it has occurred without his fault.
3. Facts *held* to show that benefit of a party's exceptions were lost without his fault, entitling him to a new trial.
4. Under G. L. 1644, except as otherwise provided, a municipal court has the same power and duties concerning its judgments, records, and proceedings as the county court, and under G. L. 1647, the statutes relating to the taking of exceptions in the county court and the passing of causes to the Supreme Court therefrom are made applicable to the municipal court, including both G. L. 2258 and 2259.
5. Where excepting party has not been lacking in diligence in undertaking to secure proper and seasonable action on the part of a municipal judge, so that bill of exceptions could be filed within the time and in the manner provided by statute, he is not to be prejudiced by the fact that an attempt was made to comply with the irregular procedure suggested by the judge.

Petition for a new trial brought to the Supreme Court for Windsor County at its January Term, 1924. Heard on petition, affidavits, and motion to dismiss. *Petition sustained, judgment vacated, and new trial granted.*

*Roland E. Stevens* for petitioner.

*David A. Pingree* and *Joseph G. Frattini* for petitionee.

TAYLOR, J. This is an original petition for a new trial in

a suit in the Hartford municipal court, in which Demasso was plaintiff and Falzarano defendant. The hearing was on a motion to dismiss. The ground of the petition is the loss of the benefit of exceptions taken at the trial, owing to the failure of the court seasonably to make and file findings of fact.

In substance the essential facts are these: The suit was for money of the plaintiff held by the defendant in a fiduciary capacity. The defendant filed an answer and a "plea in set-off," with specifications showing the plaintiff indebted to him. By consent of the parties the cause was tried by the court. The hearing was concluded on October 27, 1922. The defendant (the petitioner here) introduced evidence in support of his claim. At the close of the evidence the court gave judgment for the plaintiff for the full amount of his claim, stating orally as his reason for so doing that "Demasso was a minor, and being in trouble had intrusted his money to Falzarano and that as matter of law said Falzarano was charged with the money that came into his hands and that in that view of the case the plea and specifications in set-off were overruled and that all evidence on the plea and declaration in set-off would stand the same as if excluded." Defendant's attorney immediately moved for findings of fact in writing, stating that it was desired in order that he might take advantage of the defendant's right to exceptions, both as to the findings and the judgment; and he moved for "an arrest of judgment" pending the filing of findings of facts as requested. The motion for delay of judgment was denied, and the plaintiff's motions for judgment and a certified execution were sustained, to all of which the defendant excepted.

The defendant's counsel repeatedly requested the judge to furnish him with the findings in writing in season for him to file a bill of exceptions, but "the judge refused and neglected to make and file such findings, saying that the attorneys should agree on such a finding, and if they could not agree he would consider a written request for findings from the defendant's attorney." Efforts of defendant's attorney to secure such an agreement failed and he so notified the judge on November 23, 1922, and filed a written request for specific findings. The previous day defendant's attorney had requested the court to extend the time for completing and filing a bill of exceptions. His letter making the request follows: "I have prepared a statement of facts in the matter of *Demasso* v. *Falzarano* which I am

submitting to Mr. Pingree for a possible agreement between us. You stated to me some time ago that if Mr. Pingree and I found we could not agree on a statement of facts, you would make a finding. I shall know within a day or two probably what view he takes. In the meantime I do not want the time to go by in which to file exceptions. As no findings have yet been filed, I am asking if you will extend the time for filing exceptions. Under the statute this may not be necessary but I do not want to place my client at a disadvantage. Please let me know by return mail, if possible, if it is your understanding that the time of filing exceptions should be extended a reasonable time after a written finding of facts is made." In his reply under date of November 23, 1922, the judge wrote among other things: "Replying to your letter of the 22nd inst., asking for extension of time for filing exceptions, etc., I think you should file your bill of exceptions under the rule (quoting from the rule). The statute provides that other or different facts at issue in cause so tried shall not be allowed in the bill of exceptions, except such as relate to the admission or rejection of evidence. If you will go through the transcript with your stenographer and draw off such of the exceptions taken as you desire to carry up, and file your bill of exceptions, you doubtless will have no trouble in agreeing with Mr. Pingree on the facts you desire to have found pertaining to your exceptions. If you and Mr. Pingree cannot agree on the facts, then of course the court will have to make such findings as should properly be made to fit the exceptions taken." Under date of November 23, 1922, defendant's attorney called the judge's attention to G. L. 1647 and 2259, and stated: "It seems to me that before a bill of exceptions can be allowed in the present case there must be a finding of facts by the Court in writing. Mr. Pingree and I do not seem to agree as to what the finding of facts should be. I am, therefore, enclosing a request for findings both as to fact and law. Will you please let me know what your view is on this request as soon as possible? It is possible that I may wish to except to the findings or some of them. I don't see how I can prepare a bill of exceptions until I have in my hands a written finding of facts. I think there is no doubt that either party in this case was entitled to trial by jury, and that the case comes under section 2259." The next day the judge notified defendant's counsel that he would hear what he and Mr. Pingree had to say about the matter "on Tues-

day next,'' which fell on November 28, more than thirty days after the entry of judgment. In the letter of notification the judge wrote: ''You say it seems to you that before a bill of exceptions can be *allowed,* etc. The trouble with your position as it strikes me now is that you have not yet *filed* any bill of exceptions.'' To meet this suggestion defendant's counsel enclosed a tentative bill of exceptions, writing: ''I do not see how it can be filed until it is signed, but if you think otherwise please have it filed. I still think I am entitled to a finding of facts in writing and that it will do no good for me to file a bill of exceptions until that has been done. I do not wish, however, to have the time go by. I should like to file a proper bill of exceptions which I cannot do at the present time.''

There was a hearing on defendant's requests for findings on November 28, 1922, when the judge said he would ''make and file a finding of some kind before long.'' Defendant's attorney reminded the judge that thirty days had already expired since the judgment was rendered and requested an extension of time of two weeks from the date of the filing of such finding of facts within which to make and file a bill of exceptions. The judge undertook to grant an extension of time limited to five days after such filing, within which time defendant's attorney prepared and mailed to the judge a bill of exceptions, with a letter requesting the judge's signature and an acknowledgment, so that the attorney might know that the bill had been received and filed on time. The attorney received no reply, but later received notice from the clerk of the Windsor county court that a bill of exceptions had been filed by the judge in said court on the 8th day of December, 1922, two days after the extended time had expired.

[1] It is not claimed, nor could it well be, that anything done on or after November 28, 1922, had any effect to preserve the defendant's exceptions. The provisions of G. L. 2258 fixing the time for filing exceptions applied. *Jones* v. *Metcalf,* 95 Vt. 67, 112 Atl. 831; *Sherwin* v. *Ladd,* 95 Vt. 187, 113 Atl. 522. The time for filing not having been seasonably extended, the defendant's exceptions were lost to him at the expiration of thirty days from the date of the judgment. The attempted extension of time made on November 28, 1922, did not change the situation. It was held in *Cole* v. *Walsh,* 97 Vt. 256, 122 Atl. 664, that the court does not have authority to grant the extension of time

after the expiration of the time fixed by the statute. When not filed within the time limited, the exceptions, at the end of such time, become a nullity by operation of the statute, and no subsequent order or act of the court can give them force as a basis for reviewing the case. This holding was reaffirmed in *Rinfret* v. *Tripp,* 97 Vt. 404, 123 Atl. 430.

[2-4] The loss of the right of a party to have his exceptions heard in this Court entitles him to a new trial, if it has occurred without his fault. *Reynolds* v. *Romano,* 96 Vt. 222, 118 Atl. 810. The facts admitted by the motion entitle the petitioner to a new trial. It sufficiently appears that the failure to preserve his exceptions was not due to his fault or that of his attorney. It was plainly the duty of the court to make and file the findings of fact upon which judgment was rendered as required by G. L. 2259. Except as otherwise provided, a municipal court has the same powers and duties concerning its judgments, records, and proceedings as the county court has. G. L. 1644. Moreover, G. L. 1647 extends to the municipal court the statutes relating to the taking of exceptions in the county court and the passing of causes to this Court therefrom. That this includes G. L. 2258 is well settled. It should be held to include the qualifying provisions of the next section.

[5] Defendant's counsel suggested the appropriate course when he asked that judgment be postponed until the written findings were filed. If this had been done, or if the judge had heeded the requests for the seasonable filing of such findings, there is no reason to suppose that the failure to preserve the exceptions would have occurred. Defendant's counsel should not be prejudiced by the fact that he attempted to comply with the irregular procedure suggested by the judge. The correspondence set out in the petition makes it clear that he was not lacking in diligence in undertaking to secure proper and reasonable action on the part of the judge. The fault which occasioned the loss of exceptions must be held to have been that of the judge and not of the defendant.

*Petition sustained with costs, judgment vacated, and new trial granted.*