RITA TUCKER b. n. f. *v.* HARRY YANDOW ET AL.

November Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed January 8, 1927.

*Judicial Notice—Right to Appellate Review—G. L. 2258, "Presiding Judge"—Necessity That Bill of Exceptions Be Signed by Presiding Judge—Effect of Failure To Brief Exception.*

1. Supreme Court will take judicial notice of who was presiding judge of county court at given term.

2. Right to appellate review is purely statutory, and, proceedings being mandatory, compliance with statute (G. L. 2258) is necessary to give appellate court jurisdiction.

3. Requirement of G. L. 2258 that bill of exceptions shall be signed by "presiding judge" means judge who presided at trial of which review is sought.

4. Where after trial and verdict for plaintiff, verdict was set aside and retrial granted as to damages only on plaintiff's motion, and exception to granting of this motion and other exceptions were saved by defendants, but nothing was done by them thereunder, either by preparing and filing bill of exceptions or otherwise, exceptions saved at such trial, contained in bill of exceptions signed by judge presiding at retrial of cause, will not be considered by Supreme Court, since bill was not signed by judge who presided at trial where exceptions desired to be reviewed were taken.

5. Exception saved, but not briefed, is thereby waived, and will not be considered by Supreme Court.

ACTION OF TORT. Plea, general issue. First trial by jury at the March Term, 1925, Chittenden county court, resulted in verdict for plaintiff for $2,000, which on plaintiff's motion was set aside, and retrial granted by presiding judge on question of damages only, to which defendants excepted. Retrial by jury at the September Term, 1925, Chittenden County, *Willcox*, J., presiding. Verdict for $12,500, which was cut down by remittitur to $10,000, under an alternate order, and judgment rendered for latter sum. The defendants excepted. The opinion states the case. *Affirmed.*

*Charles F. Black* and *Warren R. Austin* for the defendants.

*M. G. Leary* and *J. A. McNamara* for the plaintiff.

POWERS, J. [1] This is a tort action based on an accident that resulted in such injuries to the plaintiff, a child about three years and eight months old, that amputation of her left leg was necessitated. The case was first tried by jury at the March Term, 1925, of the Chittenden county court. That trial resulted

in a verdict for the plaintiff for $2,000. This verdict, on the plaintiff's motion, was set aside as to damages, and a retrial was ordered on that issue. This motion was contested by the defendants, who insisted that if any part of the verdict was to be set aside, it should all be set aside and a full retrial granted. Various exceptions were saved by the defendants during the trial, and one of these was to the order of the court setting aside the verdict in part. But nothing was done by the defendants under these exceptions, either by preparing and filing a bill of them, or otherwise. At the following term of the county court, the case came on for trial before another presiding judge—a fact of which we take judicial notice, *Hancock* v. *Worcester,* 62 Vt. 106, 108, 18 Atl. 1041—and a jury. Before the retrial began, the defendants moved that they be granted a full retrial. This motion was denied and they excepted. Thereupon, they moved that the transcript of the former trial be made a part of the record of the retrial, to the end that all questions of law and fact could be heard and decided on review of the second trial. This motion was granted. The trial then proceeded and resulted in a verdict fixing the damages at $12,500, which amount was cut down to $10,000 by a remittitur filed under an alternative order. A bill of exceptions signed by the judge who presided at the second trial was duly filed by the defendants. This bill attempts to cover all the exceptions saved at the first trial, and the defendants have briefed these as though they were properly before us. But they are not.

[2-4]   The right to an appellate review is purely statutory (*Miles Block Co.* v. *Barre & Chelsea R. R. Co.,* 96 Vt. 526, 527, 121 Atl. 410), and, the provisions of G. L. 2258 being mandatory (*Small* v. *Haskins,* 29 Vt. 187; *Rinfret* v. *Tripp,* 97 Vt. 404, 406, 123 Atl. 430), a compliance therewith is necessary to give this court jurisdiction (*Cole* v. *Walsh,* 97 Vt. 256, 258, 122 Atl. 664) The requirement that the bill of exceptions shall be signed by the presiding judge means the judge who presided at the trial of which a review is sought, *Dwire* v. *Dwire,* 86 Vt. 474, 477, 86 Atl. 164. It is just as necessary that it be signed by the proper judge as it is that it be filed at the proper time. *Small* v. *Haskins, supra,* 188. The bill before us not being signed by the judge who presided at the March Term, we have no jurisdiction to pass upon the exceptions saved at that term. *Hancock* v. *Worcester, supra.*

[5]    This being so, we are left with nothing to consider, for the exception saved by the defendants when the second court denied their motion for a full retrial is not discussed in their brief.

*Judgment affirmed.*