GLEN TEMPLE ET UX. *v.* GEORGE H. ATWOOD.

May Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 14, 1927.

*Necessity for Review To Have Record Show Question Raised Below—Necessity of Stating Ground of Exception—Inadequate Briefing.*

1. Claim advanced by excepting party in his brief in Supreme Court, that the verdict was against weight of evidence, *held* not before such Court and not for consideration, where record failed to show that question was raised below.

2. Where bill of exceptions stated that defendant excepted to entry of judgment, but no grounds for exception were stated, and nothing appeared in transcript as to matter, Supreme Court will not consider exception, because record fails to show that such exception reasonably indicated to trial court fault found with its ruling.

3. Where brief as to certain exceptions, relating to admission of evidence claimed to be immaterial, stated no more than was said in court below in taking exceptions, briefing is inadequate, and exceptions will not be considered.

ACTION OF CONTRACT to recover for board and care of defendant's father. Plea, general issue. Trial by jury at the December Term, 1926, Bennington County, *Willcox,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Chas. A. Maurer* for the defendant.

*Holden & Healy* for the plaintiffs.

MOULTON, J.   The plaintiffs in this action seek to recover for board, care, and nursing furnished to Dwight Atwood, father of the defendant, during a period of 236 weeks next preceding his death, and for money paid by them towards the expense of his funeral.   At the trial the jury returned two special verdicts and one general verdict for the plaintiffs.   One of the special verdicts was for board, care, and nursing and the other for the money paid for the funeral expenses.   The general verdict was for the sum of the two foregoing items.   The case is here on the defendant's exceptions, and has once before been in this Court.   99 Vt. 434, 134 Atl. 591.

[1]   In his brief the defendant claims that the first special verdict, at least, was against the weight of the evidence, but no motion to set aside the verdict on this or any other ground appears in the record submitted to us.   It is not mentioned in the bill of exceptions; it is not contained in the transcript which, according to the bill of exceptions, is made a part thereof and controlling; and it is not among the files of the case or noted in the docket entries to which we may refer.   *Platt, Admx.* v. *Shields & Conant,* 96 Vt. 257, 264, 119 Atl. 520.   Therefore, this question is not before us, since it is not made to appear that it was raised below.   *Capital Garage Co.* v. *Powell,* 97 Vt. 204, 210, 211, 122 Atl. 423; *Grapes* v. *Willoughby,* 93 Vt. 458, 461, 108 Atl. 421; *Blaisdell et al.* v. *School District,* 72 Vt. 63, 67, 47 Atl. 173; *Lynds* v. *Plymouth,* 73 Vt. 216, 219, 50 Atl. 1083.

[2]   The bill of exceptions states that the defendant excepted to the entry of judgment on the verdict.   No grounds for the exception are stated, and nothing appears in the transcript as to the matter.   Because the record does not show that this exception reasonably indicated to the trial court the fault found with its ruling, we pay no further attention to it.   *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517.

[3]   The defendant briefs several exceptions to the evidence, but all he says concerning them is that the evidence admitted is claimed to be immaterial and not proper as tending to show any contract between the parties and harmful to the de-

fendant. This is no more than was said in the court below when the exceptions were taken, and so, as we have repeatedly held, these exceptions are inadequately briefed and we do not consider them. *Dumont* v. *Cromie,* 99 Vt. 208, 215, 130 Atl. 679; *McAllister* v. *Benjamin,* 96 Vt. 475, 497, 121 Atl. 263; *McClary* v. *Hubbard,* 97 Vt. 222, 242, 122 Atl. 469; *Carr* v. *Carr,* 100 Vt. 65, 71, 135 Atl. 5, 7; *State* v. *Wood,* 99 Vt. 490, 134 Atl. 697.

This disposes of all the questions raised in the defendant's brief.

*Judgment affirmed.*