VILLAGE OF ST. JOHNSBURY *v.* HARRY DOLGIN.

January Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed February 13, 1930.

*Shields & Conant* for the defendant.

*Searles, Graves & Waterman* for the plaintiff.

THOMPSON, J.   Judgment was entered overruling defendant's demurrer to plaintiff's amended declaration in the Caledonia County municipal court November 18, 1929. The defendant excepted. A bill of exceptions was signed by the municipal judge November 19, 1929, passing the cause to this Court before final judgment, and was entered and filed in this Court the same day.

The plaintiff has filed a motion to dismiss the defendant's exceptions. The motion contains several grounds, but the only one we consider is the fifth; that the exceptions were not filed with the clerk of Caledonia County municipal court within thirty days after the rising of the session at which said cause was heard.

G. L. 1647, 2258, provide for passing causes from municipal courts to this Court. In *Jones* v. *Metcalf,* 95 Vt. 67, 112 Atl. 831, we held that under the provisions of these sections of the statute exceptions to the judgment of a municipal court must be filed in that court within thirty days from the rendition of final judgment, except when a special time for filing the same is fixed by the trial court. A certified transcript of the

docket entries in this cause in the court below fails to show that the exceptions were filed in that court.

The provisions of the statute for passing causes to this Court on exceptions are mandatory (*Tucker* v. *Yandow,* 100 Vt. 169, 135 Atl. 600; *Falzarano* v. *Demasso,* 98 Vt. 209, 126 Atl. 394; *Rinfret* v. *Tripp,* 97 Vt. 404, 123 Atl. 430), and, not having been complied with in the instant case, this Court has no jurisdiction. *Let the exceptions be dismissed.*

## ON MOTION FOR REHEARING.

At the January Term, after the foregoing opinion was handed down and the entry made dismissing the defendant's exceptions, at the defendant's request, the entry was struck off, the entry order was held, and leave was granted to file a motion for a rehearing and to amend the transcript of the docket entries of the court below. While no written motion has been filed, an amended transcript of the docket entries, sworn to by the judge of the court below, has been tendered, and we consider the case the same as though a written motion for a rehearing had been filed.

The transcript of the docket entries, certified to by the judge of the court below, on file in this case, and on file when the motion to dismiss the defendant's exceptions was argued, fails to show that the exceptions were filed in that court, nor is there any notation on the back of the signed bill of exceptions of their being filed in that court. The transcript of the docket entries now tendered by the defendant, shows that the exceptions were filed in the court below on November 19, 1929. The plaintiff contends that the proposed amendment should not be allowed.

In *McAllister* v. *Benjamin,* 96 Vt. 475, 499, 121 Atl. 263, the defendant had notice of plaintiff's contentions that the record did not show an exception to the overruling of defendant's motion to set aside the verdict, and that the transcript was not before the court in that connection, when he received a copy of the plaintiff's brief. This Court, in overruling a motion, made after the decision was announced, for a reargument and for an opportunity to apply to the presiding judge below "for an amendment of the record to correspond with the

facts shown by the docket entries," said that due diligence required the defendant to apply to the presiding judge for an amendment to the bill of exceptions before the rendition of any decision by the court.

In *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394, the defendant, after the decision of the court was announced, filed a motion for rehearing and tendered an amended bill of exceptions which cured a defect in the original bill of exceptions. This Court, in overruling the motion on the ground that the defect was the fault of the excepting party, said that the risk of mistakes and omissions in the record is on the excepting party; that, if he fails by reason of the record here, the result is chargeable to his own inattention; that, with us, the record imports absolute verity, and anything not shown by it is out of the case in this Court. The Court further said that it is only in very special and exceptional cases that a rehearing will be granted after a decision has been announced in the appellate court, to enable the excepting party to supply defects, and that the case under consideration was neither "very special" nor "very exceptional."

■■ While, strictly speaking, the docket entries, not being referred to in the bill of exceptions, may not be a part of the record, yet the rules for amending the record should be applied when it is sought to amend them. A transcript of the docket entries is required by Supreme Court rule 2, and it comes before us as a part of the case, and may be referred to for needful information. *Spaulding* v. *Warner,* 57 Vt. 654, 658; *Brown* v. *Vermont Mutual Fire Ins. Co.,* 92 Vt. 272, 274, 102 Atl. 1042; *Temple* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321.

■ The instant case fairly comes within the holdings of *McAllister* v. *Benjamin, supra,* and *Higgins, Admr.* v. *Metzger, supra.* The filing of the exceptions in the court below was a fact necessary for the jurisdiction of this Court. The defendant had notice of plaintiff's contention that they were not so filed when he received a copy of plaintiff's motion to dismiss the exceptions, and, when the motion was argued, plaintiff contended that the docket entries did not show that the exceptions were filed in the court below. If the defendant desired to apply to the court below for an amendment of the transcript of the

docket entries, due diligence required that it be done at once, before the rendition of any decision by this Court.

*Motion overruled. Let full entry be made.*