JOHN W. NOTTE *v.* RUTLAND RAILROAD COMPANY.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 13, 1942.

*E. W. Lawrence* for defendant.

*Bove, Billado & Dick* for appellant.

SHERBURNE, J. The question for consideration here is raised by a motion to dismiss the exceptions to an award of the Commissioner of Industrial Relations. The award was made and copies thereof were sent to the parties on November 4, 1941. The bill of exceptions was filed on November 25, 1941. The ground of the motion is that the bill of exceptions was not seasonably filed.

No. 34 of the Acts of 1941, entitled "An Act to Standardize the Passings of Causes to the Supreme Court," provides as follows:

"Section 1. In all causes before the court of chancery, probate court, public service commission, commissioner of industrial relations, and any other board or commission, in which an appeal has heretofore been given direct to the supreme court, exceptions may be taken and the cause passed to the supreme court in the same manner as if passed to the supreme court from the county court; and with respect thereto a chancellor, judge, commissioner or chairman of a board or commission shall respectively have the powers and duties given to

the presiding judge and clerk of the county court by chapter 89 of the Public Laws; provided, however, that in causes where such appeals have heretofore been allowed only by permission of a court, commission or board, exceptions may be taken only upon like permission.

"Sec. 2. The force and effect of all statutes giving an appeal to the supreme court in causes mentioned in section 1 hereof to the extent only that they are inconsistent with the provisions of this act, are hereby suspended so long as this act shall remain in force and the provisions of this act shall control as to the method of taking such causes to the supreme court so long as this act shall remain in force, but nothing in this act shall be construed to affect appeals taken prior to the passage of this act."

Prior to the enactment of this act an appeal could be taken to this Court from an award of the Commissioner of Industrial Relations if taken within fifteen days after copies of the award had been sent out. P. L. 6550. The defendant contends that under the provisions of the 1941 act a bill of exceptions must also be filed within such fifteen days.

The act follows so closely the language used in P. L. 1431, relative to passing causes from a municipal court to this Court, that it is apparent that it was modeled thereon. That statute provides:

"In all causes * * * exceptions may be taken in a municipal court and the cause passed to the supreme court and there decided in the same manner as if passing to the supreme court from the county court; and with respect thereto the judge of the municipal court shall have the powers and duties given to the presiding judge and clerk of the county court by chapter 89."

This statute has been several times construed, and the time for filing exceptions has been held to be governed by the provisions of P. L. 2068 relative to exceptions from a county court.

See *Jones* v. *Metcalf*, 95 Vt. 67, 112 Atl. 831; *Sherwin* v. *Ladd and Lord*, 95 Vt. 187, 190, 113 Atl. 522; *Falzarano* v. *Demasso*, 98 Vt. 209, 214, 126 Atl. 394; *Hunt* v. *Paquette*, 102 Vt. 403, 148 Atl. 752; *Village of St. Johnsbury* v. *Dolgin*, 102 Vt. 424, 148 Atl. 879; *Stevens* v. *Whitham*, 103 Vt. 354, 154 Atl. 692; *Holstein* v. *Blanchette and Tr.*, 108 Vt. 30, 33, 182 Atl. 289; *Parker* v. *Weaver*, 110 Vt. 20, 1 Atl. 2d. 729.

As we have repeatedly said, the fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. When in a later act, on the same general subject matter, the Legislature makes use of a particular word or form of words which the courts have construed, it is to be presumed, in the absence of anything to the contrary, that it used such words in the sense attributed to them by such construction. *Newman* v. *Garfield*, 93 Vt. 16, 19, 104 Atl. 881, 5 A. L. R. 1507; *Whitcomb* v. *Rood*, 20 Vt. 49, 52. A statute is to be construed with reference to the old law, the mischief and the remedy. *Sorrell* v. *White*, 103 Vt. 277, 281, 153 Atl. 359; *Sawyer* v. *North American Life Insurance Company*, 46 Vt. 697, 706. Hence, the occasion or necessity of making the statute and its application to existing circumstances may be considered. *Sorrell* v. *White, supra; Dutton* v. *Vermont Mutual Fire Insurance Company*, 17 Vt. 369, 374; *Legg, Admr.* v. *Britton*, 64 Vt. 652, 658, 24 Atl. 1016.

Our reports are replete with cases showing the confusion that has arisen because of the different ways of bringing causes to this Court. Because of the failure to follow a particular statute the Court has often been prevented from passing upon the merits of a case. By its title the act shows an intention to standardize the passing of causes to this Court. By its provisions, all causes, whether arising before the court of chancery, a probate court, the Public Service Commission, Commissioner of Industrial Relations, or any other board or commission, from which an appeal has heretofore been given to this Court, may be brought here in the same manner as county and municipal court causes. It is clear that under the provisions of the act the time for filing a bill of exceptions in all these causes is now governed entirely by the provisions of P. L. 2068, which allows thirty days, unless a longer or shorter time is fixed as therein provided.

But it is insisted that under the provisions of section 2

of the act the force and effect of prior statutes are suspended to the extent only that they are inconsistent with the provisions of this act, and that consequently a bill of exceptions must be filed in this kind of a cause within the fifteen days formerly allowed for an appeal. We hold that the former fifteen day provision is inconsistent with the provisions of the act. To hold otherwise would result in a continuance of the past confusion, and would tend to thwart the clearly expressed intention of the Legislature to remedy the evil.

*Motion overruled.*