ROLAND E. STEVENS *v.* ARTHUR G. WHITHAM.

February Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed May 5, 1931.

*Roland E. Stevens pro se.*

*Pierce & Armstrong* for defendant.

SLACK, J. This is a petition for a writ of mandamus to compel the defendant as judge of the Hartford municipal court to grant to the petitioner an appeal to the Windsor county court from a judgment rendered against him by the municipal court in a proceeding wherein he was complainant and Fred Flanders and Fred Flanders, Jr., were defendants.

The material allegations of the petition are these: The petitioner, on May 23, 1929, filed a complaint against the Flanders in the Hartford municipal court predicated on the provisions of G. L. 2761; a hearing was had thereon, on the merits, June 18, 1929; a finding of facts was filed August 3, 1930; the petitioner immediately asked for, and took the necessary steps to perfect an appeal to the Windsor county court, if he was entitled thereto, but the court refused to grant the same on the ground that an appeal did not lie from a judgment of a municipal court to the county court. These facts are in effect admitted by the answer.

The question is whether in these circumstances the writ prayed for should be granted. If so, it is because the petitioner was clearly entitled to an appeal, and had no other adequate means of testing the validity of the judgment rendered

against him by the municipal court. *City of Burlington* v. *Burlington Traction Co.*, 98 Vt. 24, 36, 124 Atl. 857, and cases cited.

■ G. L. 2761 provides that proceedings thereunder shall be commenced before a justice of the peace. Under sections 2762 and 2755 of the General Laws, either party to such proceedings may appeal from the decision of such justice to the county or municipal court as in civil causes. Had the petitioner commenced his proceedings before a justice of the peace, he would have been entitled to an appeal to either the municipal or the county court. G. L. 1700. He did not do that, however. He commenced his proceedings in the municipal court, as he undoubtedly might, since G. L. 1641 provides that municipal and city courts, except as otherwise provided, shall have all the powers granted by law to justices of the peace. But by doing so he subjected himself to the procedure pertaining to those courts.

■ No provision of the statute has been called to our attention, nor are we aware of any, that permits an appeal from the judgment of a municipal court to the county court in either civil or criminal cases. This would thwart the chief object for which the former courts were created, namely, the relief of the county courts from that class of litigation over which the municipal courts are given jurisdiction.

That the Legislature did not intend that cases should pass from the municipal courts to the county courts on appeal and be tried *de novo* in the latter courts is apparent from the fact that the statute provides for a common law jury of twelve persons for the municipal courts, in both civil and criminal cases, G. L. 1651 and G. L. 2569, and further provides that questions of law passed upon by those courts may be brought to this Court for review in the same manner that like questions are brought here from the county courts, namely, by exceptions. G. L. 1647.

The course of procedure in the original matter was such that the petitioner had ample opportunity to raise any question he desired respecting the admission or exclusion of evidence, the sufficiency of the findings, and the validity of the judgment, in the manner prescribed by G. L. 1647. Since he elected to proceed in the municipal court, that was the course he should

have pursued. He was not entitled to an appeal to the county court.

*Petition dismissed with costs.*